**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JOSEPH SIMMONS,                                )
                                               )
            Plaintiff,                         )
                                               )
       v.                                      )
                                               )      C.A. No. 25-113-JLH-LDH
KEN DECKER, LAUREN GUTIERREZ,                  )
TRUDENA HORSEY, DONNA BARNES,                  )
KENT COUNTY LEVY COURT, a                      )
municipal corporation in Delaware,             )
TAYLOR BUCKETT, and KEVIN                      )
SIPPLE, in his official capacity only,         )
                                               )
            Defendants.                        )

**<u>ORDER</u>**

At Wilmington, this 21st day of April, 2026;

WHEREAS, Magistrate Judge Hatcher issued a Report and Recommendation on February 5, 2026 (D.I. 35 ("R&R")), recommending that the Court grant-in-part and deny-in-part Defendants' Motion to Dismiss the First Amended Complaint for failure to state a claim (D.I. 28);

WHEREAS, on February 19, 2026, both Plaintiff and Defendants filed Objections to the R&R (D.I. 36, 37, 41, 42);

WHEREAS, the Court reviews the Objections *de novo*, *see* Fed. R. Civ. P. 72(b)(3) & 28 U.S.C. § 636(b)(1)(B),(C), and as such, has reviewed the First Amended Complaint (D.I. 27, ("FAC")) as well as the parties' briefing on the motion to dismiss (D.I. 29, 31, 32, 33);

WHEREAS, Plaintiff objects to the R&R's conclusion that the FAC fails to allege a First Amendment violation, arguing that he was speaking as a public citizen on a matter of public concern (D.I. 36 at 4);

WHEREAS, having reviewed the issue *de novo*, the Court agrees with Judge Hatcher that the FAC shows that Plaintiff was speaking as an employee on matters affecting only employees, and therefore the FAC fails to state a claim for a First Amendment violation;

WHEREAS, Plaintiff does not object to the R&R's recommendation that the Court dismiss his defamation claim and, finding no clear error, the Court agrees with Judge Hatcher that the FAC fails to state a claim for defamation;

WHEREAS, Defendants object to the R&R's conclusion that the FAC sufficiently alleges racial discrimination and retaliation (D.I. 37 at 2–4);

WHEREAS, having reviewed the issue *de novo*, the Court agrees with Judge Hatcher that, while it is a close call, the inferences must be drawn in favor of Plaintiff at this stage of the case, and in light of the alleged statement attributed to Defendant Decker (FAC ¶¶ 102, 123), the FAC plausibly states a claim for racial discrimination and retaliation;

WHEREAS, Defendants object to the R&R's conclusion that the FAC states a claim for breach of the implied covenant of good faith and fair dealing, arguing that the FAC fails to allege the falsification of employment records as would be needed to state a claim under Delaware law (D.I. 37 at 5);

WHEREAS, having reviewed the issue *de novo*, and while it is again a close call, the Court agrees with Judge Hatcher that the FAC plausibly alleges falsification of Plaintiff's employment records and therefore states a claim for relief;[1]

NOW, THEREFORE, IT IS HEREBY ORDERED that:

---

[1] The FAC alleges, among other things, that Plaintiff's file was "papered . . . with falsehoods . . . ." (FAC ¶ 110.)

1.  The Objections to the February 5, 2026 Report and Recommendation (D.I. 36, 37) are OVERRULED;

2.  Judge Hatcher's February 5, 2026 Report and Recommendation (D.I. 35) is ADOPTED; and

3.  Defendants' Motion to Dismiss the First Amended Complaint (D.I. 28) is GRANTED-IN-PART and DENIED-IN-PART. The motion to dismiss is GRANTED with respect to Counts I, IV, and VI, and DENIED with respect to the remaining counts.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE